Michael J. Kraynick, P.L.L.C.
Attorney at Law, ISB#3003
P.O. Box 157
113 E. Bullion Street
Hailey, ID 83333
Phone: (208) 788-4668
Fax: (208) 788-4143
Email: mkraynick@cox.net
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SRE-CHEAPTRIPS, INC., a Delaware Corporation,<br>             Plaintiff,<br><br>      v.<br><br>MEDIA SYNERGY GROUP, L.L.C., a Virginia Limited Liability Company; Charles Anton, an individual; and Does 1-25<br><br>             Defendants. | Case No.<br><br>**COMPLAINT AND JURY DEMAND** |

COMES NOW SRE-CHEAPTRIPS, INC. (hereinafter "SRE"), Plaintiff abovenamed, to complain against MEDIA SYNERGY GROUP, L.L.C., a Virginia Limited Liability Company, and Charles Anton, an individual, and Does 1-25, Defendants abovenamed and alleges as follows:

## JURISDICTION

1. SRE-Cheaptrips, Inc. ("SRE") is a Delaware Corporation having its principal place of business at 411 Sixth Street, in the City of Ketchum, State of Idaho. Further, Plaintiff is registered with the Secretary of State of Idaho to do business in Idaho.

2. Media Synergy Group ("MSG") is a Virginia Limited Liability Company having its

principal place of business at 720 Moorefield Park Drive, in the City of Richmond, State of Virginia.

3. Upon information and belief, Charles Anton and the Doe Defendants are individuals domiciled in the State of Virginia.

4. The United States District Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332 in that there is complete diversity between the parties and the amount in controversy exceeds the sum of seventy five thousand dollars ($75,000.00).

## FIRST COUNT

### (Breach of Contract)

5. SRE has been in business for over fifteen years operating a club providing its members with an array of travel related services and benefits.

6. The bulk of SRE's revenue is generated through outbound telemarketing campaigns designed to recruit new members or sell upgrades and/or upsell products to existing members.

7. These telemarketing campaigns are conducted primarily through independent third-party call centers under contract with Cheaptrips.

8. At all times material to this complaint MSG operated a call center in Richmond, Virginia making outbound calls to leads provided by clients including SRE.

9. On or about November 17, 2008 SRE and MSG entered into a binding contract for outbound telemarketing services.

10. As part of its contractual obligation to SRE, MSG promised: "All outbound calls will be made in full compliance with all relevant state and federal laws following scripts developed and/or approved in writing by Cheaptrips."

11. In breach of contract MSG misstated the terms of sale, used improper sales techniques, and otherwise failed on numerous occasions to make outbound calls in full compliance with applicable law(s) following scripts developed and/or approved in writing by SRE.

12. MSG's breach of contract resulted excessive cancellations, chargebacks, and refund requests causing SRE substantial money damages including but not limited to: lost profits, wasted lead, credit processing, and fulfillment costs, and hundreds of thousands of dollars in commissions paid to MSG for bad sales.

## SECOND COUNT

13. SRE repeats and re-alleges the foregoing paragraphs 1 through 12 as though fully set forth herein.

14. Upon information and belief, Charles Anton ("Anton") was an owner/member/manager of MSG and was in control of operations at the Richmond call center.

15. The true names and capacities, whether individual, corporate, partnership or otherwise, of the Doe Defendants are currently unknown to SRE, but each of the Doe Defendants is legally responsible in some manner for the conduct alleged in the complaint and SRE's damages were proximately caused by the named Defendant and the Doe Defendants actions as set forth herein.

16. Commencing in November 2008 and continuing through September 2009, Anton acting on his own and/or in concert with the Doe Defendants, wrongfully solicited and obtained hundreds of thousands of dollars in bad sales by intentionally misrepresenting terms of the offer, and/or failing to provide full disclosure of the material terms of sale, and/or charging multiple sales to the same credit card without proper authorization, and/or other unlawful or improper sales techniques.

17. Anton and/or the Doe defendants submitted the bad sales to SRE for the purpose of fraudulently inducing SRE to pay MSG commissions.

18. Anton and/or the Doe defendants were well aware of their wrongful conduct and the bad sales, intended that SRE rely upon the submission of the bad sales, and submitted them with intent to defraud SRE.

19. SRE reasonably believed the sales were valid and relying on this reasonable belief paid MSG hundreds of thousands of dollars in commissions for the bad sales to their (SRE's) detriment.

20. By engaging in the conduct described above and other wrongful actions and omissions MSG, Anton, and the Doe Defendants defrauded SRE proximately causing SRE to sustain damages including but not limited to: lost revenue, excessive customer service, fulfillment and credit processing costs, and commission payments for bad sales in an amount in excess of $75,000 to be proven at trial.

## COUNT III

### (Unjust Enrichment)

21. SRE repeats and realleges each and every allegation of Count I and II with the same force and effect as if set forth in their entirety herein.

22. Defendants have been unjustly enriched by receiving payments by SRE upon the fraudulent sales submissions.

23. SRE has incurred damages in excess of $75,000 or an amount to be proven at trial.

### ATTORNEY FEES

24. That the Plaintiffs have been forced to retain the services of Michael J. Kraynick, Attorney at Law, to prosecute these claims in this action, and Plaintiffs are entitled to

reasonable attorney's fees and costs incurred herein and Defendants be ordered to pay Plaintiff's attorney's fees and costs and disbursements incurred herein.

## AMENDMENT

25. Finally, Plaintiff reserves the right to amend this Complaint should any additional claims become known following the completion of discovery and to move the court for leave to seek punitive damages.

WHEREFORE, SRE prays for judgment as follows:

On the First Count against MSG:

1. That MSG is guilty of breach of contract and awarding SRE all incidental and consequential damages sustained as a result of Defendant's breach of contract; and

On the Second Count against MSG, Charles Anton, and the Doe Defendants:

2. That MSG is guilty of fraud and/or fraudulent misrepresentation and awarding SRE all compensatory damages and punitive damages proximately caused by Defendants wrongful and fraudulent actions and omissions; and

On all Counts:

3. For interest, costs of suit including attorney's fees to the extent allowed by law, and such other and further relief as may be deemed appropriate.

DATED this 27th day of November, 2009

                                    Michael J. Kraynick, PLLC
                                    Attorney for Plaintiff

                                By: _____
                                    Michael J. Kraynick

## JURY DEMAND

SRE-Cheaptrips, Inc. hereby demands trial by jury of all issues so triable as of right and stipulates to a jury of six persons.

DATED this 27th day of November, 2009

                                              Michael J. Kraynick, PLLC
                                              Attorney for Plaintiff

                                              By: _____
                                                   Michael J. Kraynick

**Certificate of Service**

I hereby certify that on the 2d day of December, 2009 I filed the foregoing

**Complaint**

Electronically through the CM/ECF system which caused the following parties or counsel to be served by electronic means, as more fully appears in the Notice of Electronic Filing:

_____

_____

Attorneys for Defendants

By: Michael J. Kraynick
Attorney for Plaintiff

4765297.2

COMPLAINT — 7